### KENNERLY v. TOMPKINS.

(*Supreme Court, Special Term, New York County.*   September 3, 1889.)

BAIL—DEPOSIT—ASSIGNMENT—ACKNOWLEDGMENT.

> Code Civil Proc. N. Y. § 586, provides that a defendant who has deposited money in court, in lieu of bail, may deliver to the sheriff a written direction to pay it to a third person in the event that defendant becomes entitled to a return thereof, which direction is "to be acknowledged * * * in like manner as a deed to be recorded." *Held* that, as the acknowledgment is required merely to note the substance of the direction in the clerk's books and on the certificate of payment into court, an insufficient acknowledgment may be amended *nunc pro tunc*.

Defendant, Tompkins, was arrested in an action brought by plaintiff, Kennerly. Code Civil Proc. N. Y. § 582, provides: "The defendant may, instead of giving bail, deposit with the sheriff the sum specified in the order. The sheriff must thereon give the defendant a certificate of the deposit, and discharge him from custody." Section 583 provides: "The sheriff must, within four days after the deposit, pay it into court." Section 586 is as follows: "At any time before the deposit is paid into court, the defendant may deliver to the sheriff a written direction to pay it to a third person, therein specified, in the event that the defendant becomes entitled to a return thereof, but without expressing any other contingency. The direction must be acknowledged or proved, and certified, in like manner as a deed to be recorded; and the sheriff must deliver it to the officer who receives the deposit, who must note the substance thereof, with the entries of the deposit, in his books, and upon the two certificates of payment into court. The money thus deposited is deemed the property of the third person, subject to plaintiff's interest therein, and subject to the rights of a creditor of the defendant, where the direction was given for the purpose of hindering, delaying, or defrauding creditors. The money, or the residue thereof, must be paid to the third person," where there is final judgment for defendant. Paul Wilcox had in good faith advanced the amount fixed as defendant's bail. The terms of section 586 had been fully complied with, except that the acknowledgment was defective. On the vacation of detendant's arrest, the court officers refused to refund the money, claiming that it had been attached in another action against defendant. The defendant then moved for an order to compel the officers to refund the money to Mr. Wilcox.

*Henri Presprick*, for plaintiff.   *Wilcox & Goodman*, (*Paul Wilcox*, of counsel,) for defendant.

BARRETT, J. Section 586 was intended to obviate the hardship resulting from the law as laid down in *Hermann v. Aaronson*, 3 Abb. Pr. (N. S.) 389, and 8 Abb. Pr. (N. S.) 155, and kindred cases. Now a friend can safely lend a defendant who has been arrested the amount of bail fixed in the order, taking contemporaneously the written direction specified in this section. This was done in the present case, and the third person, who lent the money and took the written direction, is entitled to repayment, the order of arrest having been vacated. Upon these affidavits there is no possible question of fraud,

and the court is bound to hold that the direction was not given for the purpose of hindering, delaying, or defrauding creditors. The only question is as to failure to properly acknowledge the written direction. In my judgment, this is amendable. The third person's rights, under this new provision, depend upon the actual facts and the written directions. The acknowledgment is required for the purpose of noting the substance of such directions in the clerk's books and upon the certificate of payment into court. I cannot think that there is an analogy between such a case and that of an assignment which (under some statutes) is only to go into effect upon a particular form of acknowledgment. Nor do I think that a party fairly and justly entitled to money deposited for one specific purpose should have it impounded generally upon such a technicality. I will give the defendant leave to complete the acknowledgment *nunc pro tunc*, and thereupon direct the payment of the money to Mr. Wilcox; the operation of the order, however, to be suspended for two days, to give the opposing party an opportunity to apply for a stay, if an appeal be taken.